ATKINS *v.* M'CREADY *et al.*

Where in a suit commenced before a justice of the peace, a judgment is rendered against the defendant, in default of appearance, and he appeals to the district court, it is not irregular for the district court to affirm the judgment of the justice, on the motion of the plaintiff, where the appellant does not appear.

Where an appellant from the judgment of a justice of the peace, appears in the district court, he must demand a trial upon the merits, before he can object in the appellate court, that the motion of the plaintiff to affirm the judgment of the justice was improperly sustained.

Atkins v. M'Cready et al.

Where an action was commenced before a justice of the peace, against the makers of a joint promissory note, one of whom was served with notice, and against whom judgment was rendered, for want of an appearance; and where a bond for an appeal was filed, signed by the makers of the note, and another party, and recited that W., (against whom the judgment was rendered), had appealed from a judgment, &c., in an action wherein A. is plaintiff, and M. *are defendants;* and where the justice certified that " defendant filed *their* appeal bond, with J. M. as surety, which was approved by me, and appeal allowed ;" and where it was objected that it was error to render judgment against M., for the reason that he was not served with notice, and there was no judgment against him before the justice, and that no sufficient appeal bond was ever filed ; *Held,* 1. That as M. was one of the sureties upon the appeal bond, the plaintiff was entitled to judgment against him ; 2. That while the bond did not refer to the proceedings with critical accuracy, yet that there was no irregularity that could prejudice the appellants.

*Appeal from the Polk District Court.*

SATURDAY, APRIL 9.

PLAINTIFF declared before a justice of the peace, upon two notes made by Martin P. M'Cready and Jackson Wilson. M'Cready was not served. Wilson was served, and failing to appear, judgment was entered against him by default. The justice certifies that " defendant filed *their* appeal bond, with John M'Cready as security, which was approved by me, and appeal allowed." This bond is signed by the makers of the notes, and John M'Cready, and recites that Wilson has appealed from a judgment, &c., in an action wherein Nathaniel Atkins is plaintiff, " and Martin P. M'Cready *are defendants.*" In the district court, upon plaintiff's motion, the judgment of the justice was affirmed, and it was ordered that plaintiff recover from said defendants and their security, John M'Cready, the sum, &c. From this judgment, the M'Creadys appeal.

*Williamson & Nourse,* for the appellants.

*Bates & Phillips,* for the appellees.

WRIGHT, C. J.—Wilson has not appealed, and we there-fore pass, without comment, so much of the argument and assignment of errors as relate to him.   We direct attention alone to so much of the case as concerns the parties appeal-ing.

The appellants object that the court erred in not trying the cause upon its merits, and in affirming the judgment upon plaintiff's motion, without any cause being assigned therein.   They did not appear before the district court, nor was any defense interposed to plaintiff's demand, at any stage of the proceedings.   Being in default, there was, in fact, nothing to try ; and there was no irregularity in affirm-ing the judgment of the justice, upon the motion of plain-tiff.   If they had made an appearance, however, they should have demanded a trial upon the merits before they could ob-ject in this court, that this motion of plaintiff was improperly sustained.   It is next objected, that there was error in ren-dering judgment against Martin P. M'Cready, for the rea-son that he was not served, and there was no judgment against him before the justice.   It is true that he was not served, and that the justice had no jurisdiction over his per-son.   He was one of the sureties upon the appeal bond of Wilson, however, and it was the plaintiff's right to demand judgment against him as well as Wilson.   Code, section 2347.   In this view of his liability, his position, as one of the makers of the note, becomes quite unimportant.   Nei-ther is it material to inquire whether he was, or was not, served with notice of the action before the justice.

It is claimed, however, that there was no sufficient bond ; that the one in the record describes another and different case ; and that there was error, therefore, in rendering judg-ment against the sureties.   If we look alone to the language of the bond, this is true.   We have seen, however, that the justice certifies that an appeal was taken in the case where-in Atkins was plaintiff, and Wilson and Martin P. M'Crea-dy were defendants, but in which M'Cready was not served; and that John M'Cready was the surety upon the appeal

bond. Such a bond was filed by the justice with the other papers in the district court, and appears to have been filed and approved by him as an appeal bond in the cause. This bond recites the name of the plaintiff—refers to the judgment rendered by the justice—that Wilson appeals therefrom; but further recites that "Martin P. M'Cready *are defendants.*" This reference to the defendants, is the only thing that gives any ground for the position that the bond was taken in another case. Everything else shows, beyond any fair doubt, that it belongs to, and was taken in this action. And this reference to the defendants by no means shows that it describes another suit. The notice was issued as well against M'Cready as Wilson, and the justice might, in the bond, refer to one or both as defendants, without departing entirely from the case upon his docket. Not only so, but the language used will fairly justify the conclusion that Wilson's name was omitted by mistake, for the plural term (defendants), is employed, evidently showing that M'Cready was not the only defendant.

While, therefore, it may be admitted that the bond does not refer to the proceedings with critical accuracy, and while the record leaves it doubtful whether Martin P. was one of the principals, or a surety in the appeal bond, we cannot see that there is any such irregularity as could possibly prejudice either of the appellants. And, under such circumstances, it is our duty to affirm.

Judgment affirmed.