## KEENEY v. LYON.

1. PRACTICE: STRIKING ANSWER FROM THE FILES. When an answer is not frivolous, irrelevant, or scandalous it should not be stricken from the files by the court on its own motion.
2. SAME. The plaintiff's remedy when an answer is too vague and general, is by a motion for a more specific statement.
3. DEFAULT. The distinction between the rights of a defendant under a general answer and when in default presented.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 6.

ACTION on a promissory note. After the second day of the first term, the defendant filed an answer, denying "each and every allegation in said petition contained, fully and specifically." This answer was stricken from the files, and a default taken against defendant. Judgment for the plaintiff, and defendant appeals.

*Brown & Sibley* for the appellant, cited *Kellogg* v. *Church*, 3 Code Rep. 39; 4 Pr. R. 339; *The Burlington & Missouri River Railroad Co.* v. *Marchand*, 5 Iowa 468; *Markey & Fitting* v. *Mettler*, 1 Iowa 528; *Seward* v. *Miller*, 6 Pr. R. 312.

*C. C. Cole* for the appellee, contended that as the answer was but a general denial, and the defendant would be required to prove no more under it than he would be required to prove under a default, the appellant was not prejudiced by the action of the court, citing 1 G. Greene 179; 3 Ib. 205; 1 Iowa 1; 2 Ib. 44; 4 Ib. 146, 463.

WRIGHT, J.—The court below erred in striking defendant's answer from the files, and rendering judgment by default in favor of plaintiff.

There was no motion to strike, nor is there anything to show that it was asked. The record simply shows that "the answer of defendant herein is stricken from the files, and the defendant being three times called, comes not, but wholly makes default." It was not a sufficient cause for striking, that it was filed after the second day of the term. Nor was it a sufficient cause, that it was but a general denial of plaintiff's petition. *The Burlington & Missouri River Railroad Company* v. *Marchand*, 5 Iowa 468. If defective for either of the causes specified in section 1734 of the Code, the plaintiff's course is pointed out in the succeeding section (1735). He might have moved for a more specific statement or demand. This answer was not manifestly frivolous, nor was it scandalous or irrelevant. It made an issue, and if true, the plaintiff could not recover. And though it be admitted that as a pleading, if objected to, it might require amendment, this would be no cause for striking it from the files without motion, at the mere option of the court.

The thought that defendant was not prejudiced, because the plaintiff proved his claim anyhow, and that he would have been required to do no more if his answer had remained on the files, is not tenable for the reason that defendant

was defaulted at once when he was left without an answer, and his rights when thus placed are very limited under our law, compared with what they are when he is in court, even with ever so general an answer. If in default he can only cross-examine plaintiff's witnesses, at the time of assessing damages, but nothing more (section 1831). If he has answered, and stands upon it, he may introduce testimony of his own, and be heard in many other ways.

Judgment reversed.