Buck v. Rhodes, et al.

---

## Buck v. Rhodes *et al.*

1. Judgment in replevin. When a judgment in an action of replevin is not rendered in a trial upon the merits and does not determine the question of title, ownership in the defendant may be pleaded and shown in an action on the bond in mitigation of damages.

*Appeal from Webster District Court.*

Wednesday, December 25.

RHODES brought replevin against Buck and filed the usual bond. At the return term, owing to some informality, he withdrew his action, which was followed by an order for the return of the property. Buck then brought this action on the bond. An answer was filed setting up property in the goods replevied, in Rhodes, and that they came into the possession of Buck wrongfully, setting forth particularly the circumstances. To this answer there was a demurrer, which was overruled. The plaintiff stood upon his demurrer, and appeals.

*J. Skinner* for the appellant.

I. The defendants are estopped by the recitals in their bond. When they failed to return the property as required by the judgment in replevin, they became liable for the value of the same and for damages for its detention. *Fleet* v. *Lockwood*, 17 Conn. 233.

II. The answer seeks to put in issue facts which were determined in the action of replevin, or which should have been there determined. *Davis* v. *Crow*, 7 Blackf. 129; *Sherry* v. *Tonnisman*, 6 Ib. 56; *Hunter* v. *Miller*, 6 B. Mon. 612; *Dezell* v. *Odell*, 3 Hill. 215; *Smith* v. *Winston*, 1 Miss. 299; *Chadwick* v. *Miller*, 6 Iowa 34; *McGinnis* v. *Hart*, Ib. 204.

*John A. Kasson* for the appellees. The judgment in replevin did not determine the right of property, and it may now be shown in mitigation of damages; *Harman* v. *Goodrich*, 1 G. Greene 13; *Belt* v. *Worthington et al*, 3 Gill. & John. 252; *Jennings* v. *Johnson et al*, 17 Ohio 154; *Scrugham* v. *Carter*, 12 Wend. 134; *Lloyd et al* v. *Goodwin*, 12 Sm. & M. 223; 2 Par. Cont. 479; Code of 1851, section 2001.

WRIGHT, J.—The question of title or ownership to the property in dispute was not settled by the judgment in the replevin suit, and it was therefore competent for the defend-

ants to insist upon such ownership in themselves in mitigation of damages.   The plaintiff was only entitled to recover such damages as he showed himself entitled to, and in determining this, the question of ownership, under the circumstances disclosed, was entirely pertinent.   The judgment in the replevin action, in no proper or legal sense, estopped the defendant from contesting the ownership of the property. Whatever real or actual interest the plaintiff had therein, with proper damages for the detention, he could recover for, and no more.   3 Gill. & Johns. 252; 1 G. Greene 13; 2 Parsons, 479; *Hall* v. *Smith et al*, 10 Iowa 45.

Judgment affirmed.