## HAWLEY V. WARNER, *et al.*

1. EVIDENCE IN REPLEVIN : JUDGMENT. The judgment in an action of replevin was to the effect that the plaintiff "was entitled to the *possession* of the property in controversy. *Held*, in an action on the replevin bond, that evidence showing that the plaintiff was not the owner of the property, was admissable for the purpose of determining the measure of damages.

1. JUDGMENT IN REPLEVIN CONCLUSIVE. Where the judgment in replevin determines the title to the property in controversy, it is conclusive upon the parties, and the title can not be again inquired into, in an action on the bond.

*Appeal from Decatur District Court.*

FRIDAY, JUNE 7.

ONE Hellar, brought replevin against Hawley, the plaintiff in this action. A bond was executed in the usual form, signed by Hellar and Warner, and others, as his sureties. A trial was had, and judgment rendered to the effect that Hawley was "*entitled to the possession of the property* in the plaintiff's petition, and that a writ of restitution issue for the same." This order not being complied with, Hawley brings this action on the bond, to which the defendants answered, among other things, that the property *did not belong to the plaintiff* at the time of the commencement of the suit in replevin, nor at any other time, *but that it belonged to said Hellar.* To this portion of the answer there was a demurrer, which was sustained, and the defendants were not allowed to show that the property did not belong to plaintiff. Judgment for plaintiff for the value of the property, and defendants appeal.

*C. C. Cole,* for the appellants. The only question is, could the defendants show that the plaintiff was not the owner of the property, in order to reduce the amount of damages? We hold that the verdict in replevin was not conclusive of ownership; and that it determined only that the plaintiff in

possession was entitled to the present possession. Code of 1851, § 1995; *McCoy* v. *Cadle*, 4 Iowa, 557; *Pangburn* v. *Partridge*, 7 John. 140; *Marianthal et al.* v. *Shafer, et al.*, 6 Iowa, 223.

*George S. Hawley, pro se.*

WRIGHT, J.—In this ruling we think there was error. If the plaintiff in the replevin action, was entitled to the *possession* of the property, he was entitled to recover without reference to the question of ownership. And when it was found, in that action, that he was entitled to such possession, without a finding as to the ownership, such judgment did not conclude the defendants, when sued upon the replevin bond, from showing title in Hellar, and that it was not on Hawley. In an action on the bond it is always material to inquire into the damages sustained by the party, for whose benefit it was made, by reason of any breach of its conditions. If he was merely entitled to the possession of the property, and the title was in the opposite party, he should not recover value. Where, however, the judgment in replevin settles or determines the title, it of course concludes the parties, as effectually as a finding upon any other issue, and that matter could not be again inquired into, in the suit upon the bond. *Buck* v. *Rhodes*, 11 Iowa, 348.

Judgment reversed.