HAYDEN, for the use of ADAMS, v. ANDERSON *et al.*

1. Pleadings: DEMURRER. A demurrer is proper where a pleading does not on its face show a sufficient cause of action or defense, and can be interposed only where the legal sufficiency of the entire count in the pleading is controverted.

2. —— MOTION. Where the objection to a pleading is not that it does not state a sufficient cause of action, but that it contains redundant, impertinent or scandalous matter, that it states several causes of action in one count, or that its statements are not sufficiently full and specific, it should be corrected by motion and not by demurrer.

3. Res adjudicata: REPLEVIN. Where in replevin the plaintiff fails on the trial, or simply dismisses the suit, and the court orders a return of the property only, such order does not preclude the party in an action upon the bond from showing that the defendant had but a contingent interest therein, or that it was the property of another; but where, upon issue joined, the court determines the whole controversy, such adjudication is conclusive as to all issues therein determined.

4. —— OWNERSHIP: PRIVIES. Where the petition in replevin claimed the property in controversy as belonging to the plaintiff, and the answer denied such ownership, the judgment of the court, adverse to the plaintiff, concluded the parties and their privies as to the question of ownership.

5. —— DAMAGES. A judgment of the court, assessing defendant's damages in an action of replevin, is conclusive upon the parties.

6. Tender: ALLEGATION. A plea of tender should show that the property or money tendered was placed under the control of the court.

7. Res adjudicata: NEGLECT. That a party introduced no evidence on the trial of issues joined in an action of replevin, does not affect the conclusiveness of the judgment as an adjudication of such issues.

8. Judgment: INADVERTENCY. That a judgment was inadvertently rendered by the court may be good ground, on a direct application to set it aside, but cannot be made available collaterally.

9. Replevin: MEASURE OF DAMAGES. When property taken in execution was taken from the sheriff by replevin, the measure of the defendant's damages, upon the failure of the plaintiff to prosecute successfully the action of replevin, is the balance due him as execution plaintiff, with interest and costs.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 13.

ACTION ON REPLEVIN BOND. The plaintiff in this suit, by his amended petition sets up that on the 1st day of August, 1859, the defendant Alexander D. Anderson, assignee of Glackmyer. & McDonald, filed his petition in the clerk's office of the District Court of Dubuque county, averring that he was the owner, and entitled to the present possession of the property therein described; that the plaintiff herein wrongfully detained it, and asked for a writ of replevin; that the defendants, Alexander D. and William J. Anderson, executed and delivered a replevin bond, which was duly approved, and thereupon the writ issued as asked for; that the plaintiff herein, appeared in that case, and filed his answer denying the ownership by Anderson as claimed, and averring that the property belonged to one Rockal Walters and was levied upon as such by the plaintiff herein, by virtue of an execution in his hands as sheriff of Dubuque county, in favor of Joseph Adams, and against said Walters. Issue was joined on said answer and a jury trial had, resulting in a verdict for the plaintiff herein, for fifteen hundred and forty-two dollars and thirty-seven cents, upon which the court rendered judgment for the return of said property to the plaintiff herein, and in default thereof, for the value of said property, as found by the jury. The petition then assigned, as breaches of the bond, the failure to prosecute his suit successfully, and to comply with the judgment as aforesaid; to return the property or pay the damages or costs; and avers that the judgment is in full force and wholly unsatisfied. The defendant, Alexander D. Anderson, for his answer to this amended petition says, that Glackmyer

and McDonald being insolvent, did make an assignment to him for the benefit of their creditors; that on the third day of June, 1859, Joseph Adams obtained judgment against Rockal Walter for $271.36 debt, and $49.15 costs, and on the 25th day of July an execution was issued thereon and put in plaintiff Hayden's hands as sheriff, and was by him levied on certain property; that the defendant on the 1st day of August, sued out a writ of replevin for said property, but the property was not taken from Hayden by virtue of the writ, nor was it delivered to him, the said Anderson, or put under his control. The said property, ever since the issuance of the writ of execution aforesaid, has been, and still is, in a certain building in Dubuque, and as completely in the possession of said sheriff, and subject to the levy, as it then was. That said property was at the time of the levy, and for a long time after, the property of one S. B. P. Higgins.

That at the time the levy was made on the property aforesaid, other property sufficient to satisfy the execution was also levied upon, and was sold, but for what amount he does not know; and that the judgment aforesaid was the only claim in favor of Adams against Walter; that on the 11th day of May, 1863, he made a tender in writing to Griffith & Knight, the attorneys of plaintiff (both said Hayden and Adams being out of the State), of said property, together with $33.25, the amount of costs in the replevin suit, and also tendered the amount of costs in this suit, up to date of tender; that this defendant never filed any other petition than as aforesaid; that there was no evidence introduced to the jury on the part of this defendant, on the merits of the replevin case; denies that the jury returned a verdict, in which they found that plaintiff was entitled to said property, and found the value thereof as alleged, and avers, that the verdict of the jury was, " We,

the jury, find for the defendant in the amount of $1,542.37, principal and interest." The answer also avers that the judgment was rendered inadvertently by the court, and was unknown to defendant until a few days before the tender was made as aforesaid. The defendant asks for judgment for costs. To this answer the plaintiff filed his demurrer, drawn with evident care, and at great length.

I. To so much of the answer as averred that the property was never taken from plaintiff, and never came to the possession of defendant. Because, *First*, That it does not appear that the replevin suit mentioned in the answer is the same suit, in which the bond sued on was given. *Second*, The identity of the property is not·shown. *Third*, It is incompetent to go behind the judgment to show that the property was not taken. *Fourth*, The judg- ment estops defendant from saying he did not have pos- session of the property.

II. To so much of the answer as avers ownership in Higgins — for the same reason in substance as above.

III. To all that part of the answer which sets up that certain other property was levied on and sold; because, *First*, No identity of executions is shown. *Second*, The satisfaction of the judgment in favor of Adams, would be no defense. *Third*, The judgment in the replevin suit settles conclusively the amount due at its date.

IV. To all that part of the answer setting up a tender; because, *First*, It is not alleged that the parties to whom the tender was made, had authority to accept it. *Second*, Such tender is no defense.

V. To so much of the answer as sets up that there was no evidence introduced by defendant on the trial of the replevin suit; because, *First*, The issues were submitted to a jury. *Second*, It constitutes no defense.

VI. To so much as sets up that the judgment was inad-

vertently entered; because, *First,* Such judgment cannot be impeached collaterally.

This demurrer was overruled by the court below, to which the plaintiff then excepted, and now appeals.

*J. M. Griffith* and *W. J. Knight* for the appellant.

*W. T. Barker* and *H. T. McNulty* for the appellee.

COLE, J.—I. A demurrer is proper where a pleading appears on its face, to be defective either in substance or 1. PLEAD-form; it is a declaration that the party demurring INGS; demurrer. will go no further, because the other has not shown sufficient matter against him to require an answer: 1 Chitty on Plead., 661. A demurrer admits the *facts* pleaded, but controverts their *legal* sufficiency. A demurrer, then, can only be properly interposed, where the party controverts the legal sufficiency of the matter stated in the entire count or petition. It is not competent to assail a clause, or a sentence, or several clauses or sentences in a count or petition by demurrer. A demurrer is not a pruning hook, with which to rid a pleading of foreign or improper matter; nor is it a sword, with which to attack and cut off redundant or impertinent averments in a pleading. If a count in a pleading contains sufficient statements to constitute a cause of action or defense, it is not vulnerable to a demurrer, although it may also contain very much of foreign, improper, redundant, impertinent or scandalous matter. Nor can such matter be reached by demurrer; and, therefore, a so-called demurrer "to all that part," or "to so much as sets up," &c., in a certain count, does not rise to the dignity of a demurrer, and is not entitled to its name, and whenever sufficient matter is stated in such count to constitute a cause of action or defense, such so-called demurrer should be overruled.

Where matter which should properly be stated in different counts, is all stated in one count, it may, on motion, be 2. ── Mo- separated (Revision, § 2903), but cannot be reached tion. by demurrer. *Swords* v. *Russ*, 13 Iowa, 603. Where matter is redundant or irrelevant, it may be struck out on motion (Rev., § 2946), but redundance cannot be corrected by demurrer. *Davenport Gas Light and Coke Company* v. *The City of Davenport*, 15 Iowa, 7. Where a whole pleading is impertinent or immaterial, it may be struck from the files. *Mann* v. *Howe et al.*, 9 Iowa, 546; *Keeny* v. *Lyon*, 10 Iowa, 546. And, where statements are not sufficiently full or specific, the defect cannot be reached by demurrer. *Byington* v. *Woods et al.*, 13 Iowa, 17. But it must be by motion. Rev., §§ 2918, 2948. The demurrer in this case is not specifically to.any one count of the answer, nor to the answer as a whole, but the several grounds of demurrer are set out as applicable " to all that part of said answer in which it is alleged," &c. This manner or form of demurrer, when applied to a part only, of a count or·pleading, is insufficient and bad; but in this case, the several parts of the demurrer, when taken together, cover the entire answer, and it will, therefore, be regarded and treated as a demurrer to the answer. We are the more willing to extend this generous, and almost unwarrantable liberality of construction to the demurrer in this case, for the reason that it was regarded and treated as a demurrer by the court below, as well as by counsel in this court.

II. Under our statute, the entire legal rights of the parties to the action of replevin, in the property in contro-3. RES AD- versy, *should be* adjudicated in the main action. JUDICATA; replevin' Rev., §§ 3562, 3563. Such an adjudication in an action of replevin is as conclusive and final as in any other action. *Hawley* v. *Warner et al.*, 12 Iowa, 42. Under the Code of 1851, § 2001, the defendant might

have his right to the property and his damages adjudicated in the replevin action. The replevin action, in which the bond sued on in this case was given, was brought under that Code. Where, in the main action of replevin, the plaintiff fails to recover on a trial, or dismisses his suit, and the court simply ordered a return of the property replevied, it is competent for the party executing the bond, when sued thereon, to plead and prove that the property was not owned by the defendant in the replevin suit (*Hawley* v. *Warner*, *supra*; *Buck* v. *Rhodes et al.*, 11 Iowa, 348); or that his interest was limited or contingent. But where, the plaintiff dismissing his suit or failing in his action, the defendant proves his right to the property and his damages, and the court renders judgment determining the whole controversy, as might properly be done under the Code of 1851, and as the court should do under the Revision, such adjudication is conclusive as to all the issues involved and thus adjudicated.

III. Without discussing in detail the several points made by the demurrer, and the various grounds assigned therefor, we will state briefly our conclusions as to the sufficiency of the answer. It is stated in the answer that there never was but the one replevin suit between the parties, and a fair construction of this averment, together with other statements in the answer, shows a sufficient identification of the action and property, mentioned in the answer, as being the same as that set out in the petition. The petition in replevin, as is averred by the petition in this case, and not controverted by the answer, claimed the property as belonging to the plaintiff therein, and the answer denied such ownership. The judgment of the court in that action was adverse to the plaintiff therein, and settled the question of ownership between those parties and their privies, who are estopped

4. ——
Ownership:
privies.

thereby.  A material fact, showing the damages the
defendant in the replevin action was entitled to,
was the taking and delivering of the property
replevied, by the officer, to the plaintiff in that suit.  The
plaintiff having failed in his action, the statute (Code of
1851, § 2001) made the defendant's damages an issue to be
determined in that case, and it was determined.  The
plaintiff therein, upon that issue, might have shown that
the property was not taken from the defendant or delivered
to him.  Whether he did so show or not, is now quite
immaterial, for in either case he is equally concluded by
the judgment therein, and estopped from again making
that issue.  If the only interest which the defendant in the
replevin action had in the property replevied, was that
acquired by virtue of the levy of the Adams' execution,
and that execution had been satisfied by the sale of other
property levied upon under it, such fact was material to
the issue as to defendant's damage, and might then have
been properly shown.  The defendant having already had
his day in court on that issue, which was determined
adversely to him, cannot again litigate it.  That judgment
concludes him.

6. TENDER: The answer, as to tender of the property to
plaintiff's attorneys, waiving the question of their
right or authority to accept it, is clearly insufficient, in that
it does not aver a continuance of the tender, so that the
property is placed under the control of the court, subject
to be legally vested in the plaintiff, when that sufficiency
of the tender was determined.  If the property is not thus
brought into court, or otherwise placed under its control,
and the tender is adjudged sufficient whereby the plaintiff
would be defeated in his action, after being thus defeated
and turned out of court, he should seek the property, the
defendant might refuse or be unable to deliver it, and

thereby the plaintiff be remediless. In other words, the same rule applies as to tender of property, which applies as to tender of money; it must be brought into court, actually or constructively, so as to be subject to its order and control.

7. RES AD-
JUDICATA:
neglect. If the defendant introduced no evidence in the replevin action, where he was plaintiff, as to the issues made by the defendant therein, it was either his misfortune or his fault, and upon neither can he base a right to retry the same issues.

8. JUDG-
MENT: in-
advertency. That the judgment was inadvertently rendered by the court, may be good ground for a direct application to set it aside, but cannot be made available, collaterally.

9. REPLE-
VIN: mea-
sure of
damages. As to the question of the measure of damages, discussed by counsel, it seems to us that the plaintiff, who sues for the use of Adams, the execution plaintiff, cannot recover in this action for that use more than the amount still due such execution plaintiff, with its interest and costs.

The judgment of the District Court is reversed, and the cause remanded, with directions to sustain the demurrer, and give to defendant leave to amend.

Reversed.