REINA E. HOLCOMB *vs.* CHARLES A. BRICKLEY.

B. brought replevin against H., who pleaded *non cepit*, whereupon B. submitted to judgment.

H. then brought trover against B. for the same property. B. pleaded the former judgment in bar, and H. demurred.

*Held*, that the plea was bad. To make the admission of title implied in the plea of *non cepit* an estoppel against H., judgment in the replevin action should have been rendered against him and not in his favor.

TROVER. On demurrer to plea.

*January* 27, 1879. DURFEE, C. J. The plaintiff sues the defendant in trover for the conversion of a piano. The defendant pleads in bar a judgment for costs recovered against himself on submission in an action of replevin for the piano, wherein the parties were reversed and the plea was *non cepit* only. The plaintiff demurs. The defendant contends that inasmuch as he alleged himself to be the owner of the piano in the action of replevin and the plaintiff did not traverse the allegation, but impliedly admitted it by pleading simply *non cepit*, he cannot now claim to be the owner himself, but is estopped by the former judgment. We think the argument is invalid, for the reason that the allegation so impliedly admitted did not pass into judgment, the judgment having been rendered for and not against the plaintiff. To make the admission conclusive the judgment should have been rendered against him. *Boileau* v. *Rutlin*, 2 Exch. Rep. 665, 681; *Sweet* v. *Tuttle*, 14 N. Y. 465; *Carter* v. *James*, 13 M. & W.

137; *Hutt* v. *Morrell,* 3 Exch. Rep. 240 ; *Buck* v. *Rhodes,* 11
Iowa, 348.                                        *Demurrer sustained.*
    *Perce & Hallett,* for plaintiff.
    *Bosworth & Champlain,* for defendant.