HARTY v. THE D. M. & M. R. Co.

| 54 | 327 |
| 127 | 114 |

BERRY v. THE SAME.

1. **Practice**: APPEAL FROM JUSTICE: DEFAULT. In an action of tort, where a defendant in default before a justice appeals and makes no appearance in the Circuit Court, a judgment of affirmance may properly be entered on motion of the plaintiff, without a trial.

2. ——: ———: ———. The defendant is not in default for want of appearance, however, and such judgment of affirmance cannot be entered, until the case is reached for trial in its regular order.

3. ——: ———: PLEADING. The defendant in such case is entitled to plead as a matter of right, under section 3596 of the Code, upon payment of the costs accruing before the justice, at any time before the cause is reached for trial.

*Appeal from Polk Circuit Court.*

WEDNESDAY, SEPTEMBER 22.

THESE actions involve substantially the same questions. They were commenced before a justice of the peace. In one case the defendant failed to appear, and was defaulted for want of an appearance. In the other the defendant appeared, but made no answer, and was defaulted for want thereof. In both

cases the causes of action were founded upon a claim for damages because the defendant so constructed and operated its railroad as to divert the natural flow of water in the vicinity of the property of plaintiffs, and turn the same upon or in front thereof. The justice of the peace heard the testimony introduced by the plaintiffs, and rendered judgments for them for the full amounts claimed.

Within the proper time the defendant appealed both of said causes to the Circuit Court. The appeals were taken to the January term, 1880. On the 17th day of January, being the third day of the term, and before said causes were reached in their regular order on the docket, the plaintiffs, by their attorney, orally moved the court for an affirmance of the judgments. There being no appearance for the defendant the said motions were granted, and without the intervention of a jury, and without any evidence except the transcript of the justice of the peace, the court entered judgments against the defendants and surety in the appeal bonds for the amount of the judgments before the justice, with interest and costs.

The defendant appeared on the 9th of January, and moved to set aside the defaults and judgments. The motions were overruled. On the 10th of January the defendant moved the court to vacate the judgments and grant new trials, upon certain grounds, and tendered sworn answers denying generally the allegations of the petitions. The defendant also tendered payment of the costs which had accrued before the justice of the peace. The motions were overruled. The defendant excepted and appeals.

*Jones & Blair* and *A. B. Cummins*, for appellant.

*H. S. Wilcox*, for appellee.

ROTHROCK, J.—I. The amounts in controversy, as shown

1. PRACTICE: appeal from justice : default.

by the pleadings, do not exceed $100, and the trial judge has certified certain questions of law upon which, it is said, it is desirable to have the

opinion of this court. We will dispose of them in their order. They are as follows:

"1st. In case of a default and judgment before a justice of the peace, and appeal by defendant to the Circuit Court, and no answer or other pleading there filed, or appearance for defendant, can the Circuit Court affirm the judgment of the justice of the peace, or must there be, in all cases where the appeal is perfected, a trial in like manner as if the suit had been originally brought in the Circuit Court?"

This question is general, applying to all suits, whether founded upon note, account, contract, or tort. The fourth question is the same in substance, but limits the inquiry to actions of *tort*. As these actions are of this character, the fourth question is more properly involved, and its determination will be sufficient.

A party in default has the right to appeal. He may do so, and without filing any pleading in the Circuit Court, he may appear and demand that the testimony be introduced that he may cross-examine the witnesses. *Butler v. Heeb*, 38 Iowa, 429. In that case it does not appear but that the defendant appeared and demanded a new and true assessment. But where, in such a case, a party appealing makes no appearance in the Circuit Court, we think the judgment may be affirmed without again introducing the evidence. Such practice seems to be expressly authorized by *Atkins v. McCready*, 8 Iowa, 214, and by *Wright v. Clark*, 2 G. Greene, 86, and *Taylor v. Barber*, Id., 350; and see Code, § 3580. By failing to appear in the Circuit Court the appellant may properly be held to have waived further objection to the judgment of the justice of the peace.

II. The next question submitted is as follows:

"2d. In a like case can the judgment of the justice of the peace be affirmed or trial had therein before the cause is reached for trial in the regular order on the docket?"

As it was the right of the defendant to appear, and without

any pleading demand that a new assessment of damages be made, and as it had the right upon appeal to cross-examine the witnesses, although in default, we think, in the absence of some general rule of the court regulating appeals from justices of the peace, that the case could not be disposed of until it was reached in the regular call of the docket for the trial of cases. The statute requiring a defendant to appear and plead by noon of the second day of the term has application to original proceedings and not to appeals. Appeals "must be tried when reached unless continued for cause." Code, § 3587.

III. The next question is in these words:

" 3. In case of default and judgment against defendant before the justice of the peace, an appeal by defendant to the 3. ——: ——: Circuit Court, more than ten days before the term, pleading. transcript filed more than five days before the term, has the defendant the right to plead as of course; and if so, must such pleading be filed by noon of the second day of the term, or has the defendant the right to plead at any time before the cause is reached for trial, in case there is no special order?"

Before the enactment of the Code, the defendant in such case was not entitled to plead as matter of right. The court was authorized, in the exercise of proper discretion, to allow pleadings to be filed. *May v. Wilson*, 21 Iowa, 79; *Left-wick v. Thornton*, Id., 56, and numerous other cases determined by this court.

Section 3596 of the Code is as follows: " If the appeal is taken from a judgment by default, the defendant may file in the Circuit Court, and the plaintiffs reply thereto, any pleading necessary to properly set forth any defense he may have to the action. In such case the costs of the trial before the justice shall be taxed to the defendant."

This is a new provision of the statute. In *McFarland v. Lowry*, 40 Iowa, 467, the statute is discussed, but it is not there determined that a party is entitled to plead in the

Circuit Court, as a matter of right, without showing an excuse for his default.

We are of the opinion that the clear meaning of the statute is that the defendant has the right by answer to make defense to the action against him. The statute provides he *may* file any pleadings necessary to a defense to the action. It confers an absolute right, not subject to the discretion of the court. It also affixes the consequence which follows the exercise of the right, that is, that the costs of the trial before the justice shall be taxed against him.

Having seen that it was the defendant's right to appear at the time the case was reached for trial, and demand a reassessment of damages, it was equally its right, in the absence of rule or special order, to file its defense within the same time. It is implied in the last above question that the defendant appeared, presented its answer in denial, and tendered the payment of the costs before the cause was reached for trial on the regular call.

There is one other question certified, but as we understand it the foregoing discussion disposes of it, and we need not further refer thereto.

These views lead to a reversal of the judgments of the court below.

REVERSED.