### REDFIELD V. MILLER.

59 393
127 114

1. **Practice**: FAILURE TO PLEAD IN TIME. Defendant, by agreement was ruled to answer in thirty days; he failed to do so, and plaintiff moved for judgment by default:—*held* that under the circumstances (see opinion) the motion was properly denied.

*Appeal from Lyon Circuit Court.*

FRIDAY, SEPTEMBER 22.

THIS action was commenced in June 1880, and notice was served for the October term of the court in 1880. At that time plaintiff by consent took sixty days to amend his petition, and defendant was given thirty days thereafter to answer. The amendment was filed December 2, 1880, and on January 10, 1881, and in vacation, plaintiff filed a motion for default. The answer was filed January 20, 1881. At the next term of the court, which was held in October 1881, the plaintiff insisted on his motion for default, which motion the court overruled. The plaintiff refused to proceed further, and judgment was rendered against him for costs. Plaintiff appeals.

*Ainsworth & Hobson* and *D. W. Clements,* for appellant.

*J. K. Thomson,* and *Joy & Wright,* for appellee.

ROTHROCK, J.—It will be observed that the answer was filed some eighteen days after the time fixed by consent of the parties. It was filed, however, eight or nine months

before the next term of court.   There is no pretense that the answer is in any way insufficient.   There is the further consideration that the plaintiff introduced a new cause of action in his amendment.   It should also be stated that the defendant in vacation made an application to the judge of the court below for an order extending the time for answer which was granted.   It is true this application was without notice to the plaintiff.   We think that under these circumstances there was no abuse of the discretion of the court in refusing the default taking into consideration the showing made in vacation, the fact that the amendment introduced a new cause of action, and, further, that no delay was occasioned by the failure to answer within the time.   Courts should favor trials upon the merits.

AFFIRMED.