## McDowell v. Booth.

1. **Appeal from Justice:** DEFAULT: FILING ANSWER: TIME: DISCRETION OF COURT. One who appeals from a judgment by default rendered against him by a justice of the peace, may file an answer in the appellate court, (Code § 3596,) but he can do so as matter of right only before the case is called for trial; (Code, § 2636;) and where he makes no showing excusing his failure to file his answer in proper time, the court does not abuse its discretion by denying him leave to file it after the time for trial is reached.

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, JUNE 23.

*Stanbery & Clark,* for appellant.

*Bush & Hurn,* for appellee.

REED, J.— The amount involved in this action being less than $100, the cause comes into this court on the following

certificate of the trial judge: " (1) When both parties appeared in a cause which came on for trial in a justice's court, and the plaintiff filed an itemized account for services rendered as a physician, duly verified, and claimed judgment by oral pleading thereon, but the record of the justice does not show whether the defendant filed any pleading, but, judgment being rendered against the defendant, he appeared in the January term, 1886, of the circuit court, where the defendant appeared by his attorney, and the cause was continued to the May term, 1886, (trial notice having been previously filed by both parties April 16th and April 23d, 1886,) the defendant still appearing, and a jury called and sworn as to qualifications to try the cause, when defendant asked leave of the court to file an answer in general denial of the plaintiff's claim, and of the value of the services sued upon, no previous request having been made of the court to file the same in such case, could the defendant, as a matter of right, file such answer?    (2) Under the state of facts above related, would the court have the discretion to deny the defendant the right to file such answer, discharge the jury, and render judgment against the defendant as upon default for want of answer?    (3) If the court did have such discretion, would it be, under such circumstances, an abuse of discretion to do so, in the absence of any rule of court as to the filing of pleadings in appeal cases from justice's courts?"

As the judgment record of the justice did not show that any answer was filed before him, the presumption is that none was filed, and this presumption is strengthened by the fact that defendant offered to file an answer in the circuit court.    Defendant must be regarded, therefore, as having been in default in the justice's court.    But he had the right, under the statute, (Code, § 3596,) to file in the circuit court any pleading necessary to properly set forth any defense he may have had to the action.    He did not offer to file his answer, however, until after the cause was reached for trial. It is provided by section 2636 that all pleadings must be

filed by the time the cause is reached for trial. It is true, this provision is contained in the chapter 'on pleadings, and has general reference to the pleadings in causes originally brought in the district and circuit courts. But we think it applies as well in causes coming into the circuit court by appeal from justice's court; for causes of that character are governed, in that court, by the same rules of practice that are applicable to causes brought there originally. Defendant's offer, then, came too late. He was not, as a matter of right, entitled to file a pleading at that time. The court, in the exercise of its discretion in a proper case, might permit a pleading to be filed at that time, but was not bound to do so. It does not appear that any showing was made excusing the failure to file the pleading at the proper time. The court, then, did not abuse its discretion in refusing to permit it to be then filed.

We therefore answer the first and second questions certified in the affirmative, and the third in the negative.

AFFIRMED.