## JONES v. MERRILL.

1. **Judgment by Default:** RIGHT TO: DISCRETION OF COURT. The question of allowing defaults, and of setting them aside, is largely within the discretion of the courts; (*Westphal v. Clark*, 46 Iowa, 262;) but the policy of the law is to allow the trial of actions upon their merits. Accordingly, where plaintiff's petition was filed ten days, but not ten *clear* days before the first day of the term, and on the fifteenth day of the term, the defendant having failed to appear, plaintiff demanded a default and judgment thereon, but the court refused the same, but made no other order in the case, and about two months afterwards defendant appeared and filed an answer taking issue on the merits, *held* that, upon an appeal from such refusal, plaintiff was not entitled to an order remanding the cause with directions to allow the default, with leave for plaintiff to prove his demand and have judgment therefor. It would seem that it was the rule, or at least the custom, of the lower court in this case to require petitions to be filed ten clear days before the first day of the term, and, if not so filed, to regard the next term as the appearance term.

*Appeal from Polk District Court.*

THURSDAY, OCTOBER 27.

THIS action is founded upon a claim against the defendant, which the plaintiff alleges was assigned to him by the Des Moines & Minnesota Railroad Company. The court refused

an application for a default and judgment against the defendant, upon the ground that the petition had not been filed ten days before the term. The plaintiff claims that under the facts this ruling was erroneous, and he appeals.

*Baker, Bishop & Haskins*, for appellant.

*C. C. & C. L. Nourse*, for appellee.

ROTHROCK, J.—It appears from the record that the petition was filed on Friday, the 29th day of October, 1886. The next term of the court commenced on Monday, November 8, 1886. The defendant did not appear to the action, and on the 22d day of November, 1886, the plaintiff demanded a default and judgment. The court was of opinion that the petition was not filed "ten days before the term," as required by section 2600 of the Code, and refused the default; but did not dismiss nor continue the cause, and no judgment was rendered against the plaintiff for costs. On the 3d day of January, 1887, the defendant filed a motion for security for costs, which was overruled on the 28th day of January, 1887. On the 29th day of the same month the defendant filed an answer. The plaintiff appeals from the order refusing a judgment by default. The motion for security for costs was filed before the appeal was taken. The question as to whether the petition was filed in time to authorize a default need not be determined upon this appeal. The district court appears to have been of opinion that it was not filed in time, but did not dismiss the case, as provided by section 2600 of the Code. The effect of the refusal to enter the default and judgment was merely a postponement of the time for the defendant to plead to the action.

The question of allowing defaults, and of setting them aside, is largely within the discretion of the courts. (*Westphal v. Clark*, 46 Iowa, 262.) The policy of the law is to allow the trial of actions upon their merits. It is claimed in argument that it was the practice and ruling of the district court to

require the petition to be filed ten clear days before the term, and, if not filed within that time, to regard the subsequent term as the appearance term. It seems that the court must have thought such to be the proper rule, or the action would have been dismissed. Under such circumstances, if a default had been entered, it would have been the undoubted right of the defendant to have it set aside, and answer on the merits. He did answer, and we think as there was a full issue on the merits, presented within a reasonable time, the plaintiff is in no position to complain. His demand is that we shall remand the cause, with directions to enter a default, with leave to appellant to prove up and have judgment for his demand. We do not think that, under the facts of the case, we would be warranted in disposing of the controversy in any such a summary manner.

AFFIRMED.