EDWARDS LOAN CO., Appellee, v. A. A. SKINNER, Appellant.

**Justice of the peace:** APPEAL: PLEADINGS. On appeal from a default judgment before a justice of the peace, Code, section 4568, is not mandatory in its provision as to the time when an answer may be filed, but it may, in the discretion of the trial court, be filed after the time fixed in the statute.

*Appeal from Hardin District Court.*— HON. J. R. WHITAKER, Judge.

SATURDAY, MARCH 11, 1905.

THIS action was originally brought before a justice of the peace. Defendant, although duly served with notice, did not appear, and judgment was rendered against him by default. He thereupon appealed to the district court, where the cause was properly docketed, but defendant did not file answer in that court until the seventh day of the term for

which the case was docketed.   On that day, and before the
case was reached for trial, he filed an answer which tendered
issuable facts.   Plaintiff thereupon moved to strike this an-
swer from the files for the reason that it was not filed by
noon of the second day of the term.   This motion was sus-
tained, and on the fourteenth day of the term plaintiff moved
for judgment.   This motion was sustained and judgment
was rendered as prayed.   From the ruling on the motion
to strike, and from the judgment rendered against him, de-
fendant appeals.— *Reversed.*

*Ward & Hayes,* for appellant.

No appearance for appellee.

DEEMER, J.— Section 4568 of the Code provides, in
substance, that, if an appeal be taken from a judgment by
default before a justice, the defendant may, before noon of
the second day of the term at which the appeal is triable, in
the court to which it was taken, file any pleadings necessary
to properly set forth any defense he may have to the action.
The trial court held the provision in this statute as to time
mandatory, and consequently struck defendant's answer from
the files.   It is not a case wherein the trial court exercised
any discretion it may have had in the premises.   Hence that
question is not in the case.

The sole inquiry here is, is the statute mandatory in its
provisions as to the time when an answer may be filed ?
There is nothing in the statute itself which indicates a pen-
alty for failure to file answer within the time stated, and
the language itself is permissive.   Prior to the adoption of
this statute, or its immediate predecessor, it was held that
a defendant in default before a justice could not, as of right,
file an answer after appeal, and that in such cases he should
make some showing or excuse for not having answered be-
fore the justice. *Ruddick v. Vail,* 7 Iowa, 44; *Craine v.*

*Fulton,* 10 Iowa, 457.   After the adoption of section 3596 of the Code of 1873, which gave a defendant in default the right to answer upon appeal, but did not fix the time within which such answer should be filed, it was held that, in the absence of rule or special order of the court, a defendant might answer at any time before the case was reached for trial.  *Harty v. Des Moines,* 54 Iowa, 327.   But applying another statute, it was held that he could not delay his answer until the case was reached for trial.  *McDowell v. Booth,* 72 Iowa, 141.   It was also held that, in the absence of rule, such a case upon appeal to the district court could not be disposed of until reached for trial on the regular call of the docket, no matter whether an answer was on file or not.  *Harty v. Des Moines, supra.*

Various other statutes provide for the perfection of an appeal of an action before a justice, and as to what shall be done to give the district court jurisdiction.   These statutes were strictly followed in this case.   Hence there is no question as to the jurisdiction of the district court.   The sole inquiry, as we have said, is, what effect shall be given the time provision of section 4568 of the Code? If mandatory, the trial court was right in striking the answer.   If directory, then it was wrong, and the case should be reversed. Trials on the merits are favored in law, and, by express provision of statute, all errors, irregularities, and illegalities in the trial before the justice are to be disregarded.   The appeal brings the case up for trial on its merits, and for no other purpose.   Code, section 4562.   Other statutes with reference to the time for filing pleadings, where not in express terms made mandatory, as in section 3515, are generally regarded as directory.   *Keeney v. Lyon,* 10 Iowa, 546.   Construing section 3550 of the Code, or its equivalent, see *Williams v. Ins. Co.,* 50 Iowa, 561.   Construing section 3552, see *Kehoe v. Carville,* 84 Iowa, 415 ; *Briggs v. Coffin,* 91 Iowa, 329 ; *Walker v. Hutchinson,* 50 Iowa, 364 ; *Redfield v. Miller,* 59 Iowa, 393 ; *Jones v. Merrill,* 73 Iowa,

234. As the instant case could not have been disposed of until reached for trial in the regular way, we see no reason for holding the time provision of the statute in question mandatory. This provision was inserted by the Code commission in its rewriting of the Code, and its general statement is such as to indicate that it intended no change in the law in this respect. At most, the statute is merely directory, and it lies within the sound discretion of the trial court to permit a filing out of time. Had the statute provided a penalty, or used terms indicating that the Code commission or the Legislature intended it to be mandatory as to time, we should have a different case. But as the language is permissive in character, and no penalty is provided for failure to file within the time named, and as the district court had jurisdiction of the case, we think the better rule is to hold the statute, as to time, directory, and the allowance of an answer after the time fixed as discretionary with the trial court.

The ruling of the district court on the motion to strike was erroneous, and the judgment is *reversed*.