CHANCERY.

# Burk *et al. vs* Chrisman *et al.*

### ERROR TO THE JESSAMINE CIRCUIT.

*Case* 14.                    *Prior equitable liens.    Subrogation.*

*September* 14.    CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

The case stated.

UNDER a decretal sale of a tract of land, in which an express lien was reserved as collateral security for the price, one *Willis Burk* bought the land, and gave his bonds for the consideration, with *Chrisman* and *Crozier* as his sureties. *Burk* having afterwards sold the land to several persons—a distinct portion to each, left the State, and became insolvent, and his said sureties having been compelled to pay the amount of the bonds for the original price, filed a bill in Chancery claiming an equitable substitution, and an enforcement of the lien reserved as aforesaid, to the original creditors by the decree. All proper parties having been brought before the Court, and no conveyance having been made either to Burk or his vendees, the Circuit Court, on the final hearing, decided that the complainants were entitled to subrogation, and having ascertained the value of each parcel of the land, as separately claimed, distributed the common burthen *pro rata*, and decreed the sale of each of said portions, or so much of each as might be necessary for paying the distributive amount thus imposed on it.

A surety for land who pays the price, has a right to be substituted to the lien of the vendor on the land. If it be sold to several sub-purchasers, they are to be charged ratably.

If Burk's sureties had a right to enforce the lien, there is no error in the mode of distributing the burthen. Each claimant of a portion of the land took it *cum onere,* and was therefore subject, as the Circuit Court decided, to contribution according to the value of his parcel when he bought it.

And the right to the substitution, as sought and decreed, is well established by adjudged cases. It is a doctrine of the common, as well as of the civil law, that a surety who pays the debt is equitably entitled to the benefit of all liens or other securities of the creditor, who

holds them under an implied trust for the indemnity of the surety: 1 *Story's Equity,* 477-8-9.

The creditors had a right, in the first instance, to enforce payment, either by resorting to the reserved lien on the land, or to Burk's sureties. Having elected to make their debt (thus doubly secured) out of the sureties, these would certainly, as against *Burk,* have been equitably entitled to enforce the lien for reimbursing the sum from which they would have been exonerated, had the creditors, as in conscience they ought, resorted to that instead of the personal security.

The right of a surety who has paid the debt, to be substituted to the benefit of all liens or other securities held by the creditor, is established by the common as well as civil law. The creditor holds the lien in such cases as a *trustee* for the surety.

Those who bought Burk's equitable interest in the land, whether with or without actual notice of the lien, took it as he held it, subject to that lien, and to the contingent equity also, previously resulting to his sureties from it as a concurrent security to which the personal assurance was only supplemental and accessorial, and probably consequential merely. Their equity, therefore, which is all the interest they have acquired, is both posterior and inferior to that of the complainants in this case. They took it subject to all prior and continuing equities or liens.

Wherefore, perceiving no essential error in the principle or the details of the decree, we must affirm it.

*Hewitt* for plaintiffs : *Owsley & Goodloe* for defendants.

