## BYINGTON v. WOODS *et al.*

1. PLEADINGS: PAYMENT OF TAXES: MOTION AND DEMURRER. A bill for the foreclosure of a tax title averred generally, that the plaintiff had paid all the taxes levied subsequent to the sale, for two years, and that said taxes amounted to a certain sum which was named: *Held*, That an objection to the bill could be properly presented by a motion for a more specific statement, but not by demurrer.

2. TAX TITLE: JOINDER OF CAUSES OF ACTION. Several distinct parcels of land, conveyed under a tax sale by different deeds, when they are the property of one, or of several joint owners, may be joined in one action to foreclose the tax title; but the petition should contain a distinct allegation as to each parcel, and show the amount for which a lien is claimed upon each one.

*Appeal from Johnson District Court.*

TUESDAY, APRIL 8.

PETITION to foreclose a tax title upon certain real estate described as "all the town lots and blocks included within Woods' Addition to the city of Iowa city." The petition set out twenty-two deeds executed by the treasurer of Johnson county, conveying the property mentioned to the plaintiff pursuant to a sale made for taxes; and alleged that "William H. Woods, James Thompson and Patrick Smith were owners, and still are owners, of said real estate." To this petition the defendants demurred, for causes stated in the opinion of the court. The demurrer was sustained, and the plaintiff appeals.

*Le Grand Byington, pro se.*

*Edmonds & Ransom,* for the appellee.

BALDWIN, C. J. — The defendants in the court below assigned fourteen causes of demurrer to the plaintiff's petition, which demurrer was sustained, and plaintiff appeals. Upon what particular cause the court thus ruled, we are unable to determine. Many of the causes are frivolous, and others are not sufficiently specific.

As the counsel for the defendants has failed to point out to us the objections to the petition in argument, we will refer to but one or two, which it is most likely influenced the court in its ruling.

The ninth cause of demurrer is, that said petition does not show what the subsequent taxes for 1858 and 1859 were, (on said premises) alleged to have been paid by said plaintiff.

We do not think the demurrer should have been sustained for this cause. The plaintiff seeks a foreclosure of twenty-two different tax deeds. It is alleged in the peti-

tion, that the deeds were executed in pursuance of a tax sale made in the year 1858, for taxes previously due, upon the property then sold. It is alleged by the petitioner that he had paid the taxes for the years 1858 and 1859 on said lands sold to him, and under the provisions of the law it is claimed that the subsequent taxes thus paid by the purchaser at such sale is a lien for the amount so paid, and it is asked that it may be so declared. The averment in the petition is that the plaintiff had paid all the subsequent taxes levied for the years 1858 and 1859, amounting in all to $300. The petitioner is entitled to a lien for taxes levied for the same purposes for which the property was sold, but not for all taxes that might be levied upon property,— such, for instance, as taxes for city purposes. The plaintiff, however, was entitled to recover upon the deeds, independent of the lien for taxes subsequently paid ; and the objection of defendant could have been properly raised by a motion for a more specific statement, but not by demurrer.

The next and most important question presented by the demurrer is, that the plaintiff shows in his petition that he has joined many causes of action improperly therein, and seeks to foreclose equities in many distinct parcels of land, in the same suit, and against different persons, having distinct interests in distinct parcels of said lots. The allegation in the petition is, that at the time of the said sale and the delivery of the tax deeds, William H. Woods, James Thompson and Patrick Smith, were, and are still, the owners of said property. Edward Taylor and others are made parties, for the purpose of cutting off certain equities they claimed in said property, which plaintiff claims as subject to his tax lien. If Woods and others were the joint owners of the property, as is thus alleged, their interests are not distinct and separate as is claimed by the demurrer ; and treating the tax deed as a mortgage, and the plaintiff's proceeding as a foreclosure, the other persons claiming equities

in the property sold were properly made parties to the foreclosure.

Is the petition subject to the objection " that the plaintiff has joined many causes of action improperly therein ?" The complainant seeks to foreclose the equities of defendants in twenty-two different tracts of land, for which he holds as many tax deeds. The lots are all owned by the same parties, the taxes for which the lots were sold were assessed at the same time, the tax sale made and the deeds all executed the same day, by the same officer, and to the same purchaser. Section 1751 of the Code, in force when this action was commenced, provided that " several causes of actions may be united in the same petition, provided they affect all the parties thereto in the same capacities, and if suit on all might be brought in that county." Each conveyance of land by the treasurer gave to plaintiff a cause of action. When the title was to the same party, and the land owned by the same party, and the right of action had already accrued, we cannot see why the different causes may not be united. The object of this provision of the law was to save costs and harassing litigation, and if the same object can be attained by the union of several causes of action in one, it is certainly proper to unite them. It may be objected that if the judgment is for the aggregate of the taxes due on all the deeds, that the defendant cannot redeem a portion without redeeming the whole, or it may be said that subsequent purchasers or judgment creditors may be prejudiced in their rights to redeem a portion of the lands thus foreclosed. The petition may be defective in not setting forth fully the lien upon each tract, but we think that the several causes of action may be united, and this difficulty obviated by a distinct allegation in the petition in reference to each cause of action. In other words, let it be shown the amount due on each tract of land, and the liens thereon accrued by the subsequent payment of taxes,

and let the foreclosure be made in the same way, that is, ordering a sale of each tract for the amount then due, with an order permitting a redemption before sale of any one tract by the payment of amount specified as due thereon.

The other points raised by the demurrer are not supported by the record.

We are of the opinion that the petition shows sufficient to entitle the plaintiff to recover. The statute provides that the tax deed is presumptive evidence of the regularity of all prior proceedings, and under this provision it is sufficient for the purchaser to declare upon the deed alone. If the sale has been irregular, it is the duty of the person who has been in default to show it.

Judgment reversed.