## BYINGTON v. ROBERTSON et al.

1. **Pleading:** TAX DEED. In a petition for the foreclosure of a tax deed, it is sufficient to aver the execution and delivery of the deed, and to set out a copy of the same, without allegations of the due and regular performance of all the acts necessary to make the deed valid.

2. —— SPECIFIC STATEMENT. If a petition in such a proceeding is not sufficiently specific in its allegation of the amount of subsequent taxes paid on the property, it should be corrected by a motion for a more specific statement, and not by demurrer.

*Appeal from Johnson District Court.*

WEDNESDAY, DECEMBER 14.

ACTION to foreclose a tax title, brought in 1859. The petition set out the execution and delivery of the deed by the treasurer of Johnson county, pursuant to a public sale to plaintiff, on June 20th, 1856, for delinquent taxes regularly levied for 1855. A copy of the deed was annexed to the petition, and referred to as part of it. The plaintiff also averred that he had paid the taxes for the four subsequent years, amounting in all to one hundred dollars, and asked a foreclosure of the equity of redemption of defendants, and the affirmance of his title as absolute.

The defendants demurred to the petition, because, *First,* it appeared from it that the treasurer had no right to sell the land at the time specified; *Second,* it does not show an offering of the land for sale, on or before the first of June; *Third,* it does not show for what taxes the land was sold, nor that they were levied by the proper officers; *Fourth,* it does not show an assessment; *Fifth,* it does not show a *warrant* for the sale; *Sixth,* it does not show there was no personal property of the owner; *Seventh,* it does not show any legal advertisement; *Eighth,* it does not show that plaintiff was the highest bidder; *Ninth,* it does not show what the subsequent taxes were, for the several years, and,

*Tenth,* it does not show that the land was sold to plaintiff, or that he has any right to bring this suit.

This demurrer was sustained by the District Court, and the suit was dismissed, and the plaintiff appeals.

*Le Grand Byington* appellant *pro se.*

*Edmonds & Ransom* for the appellees.

COLE, J.— I. The petition distinctly avers the execution and delivery of the deed by the proper officer, and a copy of the deed is annexed to the petition. The statute under 1. PLEAD- which the sale and deed were made, provides that ING: tax deeds. the deed shall be presumptive evidence of the regularity of all prior proceedings. It was, therefore, unnecessary to aver the due and regular performance of the acts necessary to make the deed valid. The possession of the deed was, under the statute, evidence of their due performance, and devolved upon the defendant the *onus* of showing that they were not performed. Since the plaintiff, therefore, need not, in the first instance, prove such facts, he need not aver them; for, to hold that he must aver them, would be a violation of the well recognized rule in pleading, that a party need not aver more than it is necessary for him to prove.

II. As to the ninth cause of demurrer, that the petition does not show what the subsequent taxes were, for the 2. ——. four subsequent years, on said premises, alleged Specific statement. to have been paid by plaintiff, if the petition is vulnerable to such an objection, it would only be made available by a motion for a more specific statement, but not by demurrer. *Byington* v. *Woods,* 13 Iowa, 17.

The judgment of the District Court is reversed, and cause remanded for further proceedings not inconsistent with this opinion.

Reversed.