CASE 83—PETITION EQUITY—NOVEMBER 21.

# Bank of Hopkinsville, &c., vs. Rudy.

APPEAL FROM WEBSTER CIRCUIT COURT.

1. Three notes, payable annually, were executed and a lien retained on land to secure them. Judgment on the first note was replevied. Jno. Rudy, a surety therein, paid the replevin bond, and it was assigned to him by plaintiff's attorney. John Rudy also paid the second note, which was indorsed, "This note has been paid to me by Mr. John Rudy." The holder of the third note brought suit to subject the land, and made Rudy a party, who claimed that he was, by substitution, entitled to the lien reserved on the land to secure the two original notes paid and held by him. *Held by the court*—That the lien of the holder of the third note on the land was paramount to any claim of Rudy.

2. The payment of a replevin bond by a surety therein, and its assignment to him, in pursuance of *section 8, chapter 97, Revised Statutes*, transfers to the assignee the benefit of any lien existing under or by virtue of the bond assigned; but it does not operate to revive, as against third parties, any equity or lien which had been merged or waived by the execution of the bond.

3. "This note has been paid to me by Mr. John Rudy March 3d, 1866," being indorsed on the back of a note, is not a sufficient transfer of the note to entitle Rudy to the benefit of a lien by which it was secured, as against third parties. *The court say*—"We are of the opinion that such payment discharged the holder's lien, as originally reserved, for

Bank of Hopkinsville, &c., vs. Rudy.

the debt, and Rudy had no right of action to enforce it; nor did he acquire any lien for the money so paid which was not subordinate" to that of a third party who held a note similarly secured. (*Oden vs. Elliott's ex'r*, 10 *B. Monroe*, 315.)

Cissell & Vance,                                    For Appellants,
                              CITED—

5 *Dana*, 242; *Patterson vs. Pope.*

5 *B. Mon.*, 106; *Johnson vs. Morrison.*

2 *B. Mon.*, 303; *Kouns vs. Bank of Ky.*

*Rev. Stat., chap.* 97, *sec.* 8.

10 *B. Mon.*, 313; *Oden vs. Elliott's ex'rs.*

Harlan & Harlan,                                    For Appellee,
                              CITED—

10 *B. Mon.*, 314; *Oden vs. Elliott's ex'rs.*

3 *Mon.*, 50; *Burks vs. Chrisman.*

5 *Dana*, 243; *Patterson vs. Pope.*

2 *Stant. Rev. Stat., chap.* 97, *sec.* 8, *p.* 398.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

On the 26th day of February, 1863, N. D. Terry purchased of R. C. and A. G. Slaughter a tract of one thousand acres of land, more or less, in consideration of twenty-one thousand dollars, seven thousand dollars of which was paid at the time, and for the residue, Terry gave his three notes of four thousand six hundred and sixty-six dollars and sixty-six and two third cents each, payable to A. G. Slaughter—the first March 10th, 1864, the second March 10th, 1865, and the third March 10th, 1866; and said Slaughters, by direction of Terry, conveyed the land to his wife, Sarah J. Terry, reserving a lien to secure said notes.

The first of said notes was assigned to Edward White, who obtained a judgment thereon against N. D. Terry, which was replevied by him, with John Rudy and W. B. Woodruff his sureties. The replevin bond so given

having been paid by Rudy, it was assigned to him by White's attorneys.

And the second note, having been assigned to R. B. Speed, and by him placed in the hands of M. S. Johnson, an attorney, for collection, was paid by said Rudy to Johnson, who delivered it to Rudy, with the following indorsement thereon: "This note has been paid to me by Mr. John Rudy March 3d, 1866. Morris S. Johnson, attorney for Speed."

The third and last of said notes was assigned to the Bank of Hopkinsville for collection, and this suit was brought by the bank and A. G. Slaughter, the payee of the note, against said Terry and wife and Rudy to enforce the vendor's lien on the land, it being suggested in the petition that Rudy claimed to have a lien on the land as the apparent reason for making him a defendant.

The answer and cross-petition of Rudy presents the grounds of controversy in this case. He claims, that, by virtue of the payment and assignment to him of the replevin bond given to White, he became the owner thereof, and entitled by substitution to all the equities attached thereto, and to the lien reserved in Slaughter's deed to secure the original note; and he claims to have acquired similar rights with respect to the note paid by him to Speed's attorney, and alleges that the indorsement made by Johnson on said note when paid and delivered to him was meant and intended to operate as an assignment of the debt to him, with the lien thereto attached; and he says if such is not the effect of the indorsement, it was incorrectly made by mistake. He prays an enforcement of his alleged lien for both the debts paid by him.

The judgment of the court sustains alike the claims asserted in the original and cross-petitions, and directs a

sale of the land in satisfaction thereof; and from this judgment, so far as it sustains the claim of Rudy, the bank and Slaughter have appealed to this court.

As to the assignment of the replevin bond by White's attorney, which was made in pursuance of the provisions of *section* 8 *of chapter* 97 *of the Revised Statutes*, while it transferred to Rudy the legal remedy of White, and also the benefit of any lien existing under or by virtue of the bond assigned, it is not supposed that it operated to revive, as against the present appellants, any equity or lien which had been merged or waived by the execution of said bond, or to enlarge the general equitable rights of the surety as affecting the rights of third parties.

It is a well-established principle that a surety who pays the debts of his principal, is equitably entitled, as against him at least, to the benefit of all liens or other securities of the creditor, who holds them under an implied trust for the indemnity of the surety. (*Burk et al. vs. Chrisman et al.*, 3 *B. Mon.*, 50 ; 1 *Story's Equity*, 477-8-9.) And the surety is, in general, entitled to all the remedies of the creditor against the person and the property of the debtor; but, as was held by this court in *Peterson vs. Pope*, 5 *Dana*, 246, this equitable right of remuneration from the principal debtor is not a sufficient foundation for disregarding or subjecting to its satisfaction the interests of third persons, which, although they may be subordinate to the lien of the creditor, are prior in date and more specific in character than the equity of the surety, which cannot commence until he becomes bound for the debt, if, indeed, it can commence before he pays it. In the case just cited the court further said : " We are decidedly of the opinion that a surety who first comes in as surety in an obligation incidental to the prosecution of the legal remedy against the person of

the debtor is *prima facie* to be considered as trusting to his principal only, for whom alone he is surety; that upon his paying the debt he is entitled to stand in the creditor's place only as to his remedies against the person and property of the principal, and that as to any prior surety or any prior interest in the property which may be under pledge, he must occupy the place of the debtor.

Whether the acceptance of the replevin bond of N. D. Terry and his sureties operated to release the creditor's lien or not, is not deemed essential to the solution of this inquiry, if we are correct in supposing, as we do, that the principle stated in *Patterson vs. Pope, supra,* is applicable to this case. In that case Pope, who, as surety of Wilgus in an injunction bond, was compelled to pay the debt of Wilgus, originally contracted by him to Mrs. Chinn, for a tract of land, and secured by a mortgage upon it, sought, by substitution for the mortgage, to foreclose it, and subject the land in the hands of Patterson, a sub-purchaser under Wilgus; and the principle upon which the court distinguished between the rights of Pope and those of the original creditor with reference to the equity of Patterson, seems to us peculiarly applicable to this case. And there are obvious reasons for discriminating between the lien of the appellants, which was reserved in the conveyance to Mrs. Terry, and the equity asserted by Rudy, besides those already indicated. The execution of the replevin bond interrupted and delayed White in the prosecution of his remedy against Terry, and released the lien his execution had acquired upon Terry's property, and thus impaired a security for part of the purchase money, which the holders of the other notes of Terry had a right to look to as a means of releasing the land, and thus strengthening their lien to that extent.

But if it be true that a surety in a replevin or injunction bond, incidentally given in the prosecution of the creditor's remedy, who is compelled to pay part of a debt secured by lien on mortgage, is thereby substituted for the creditor to his original security, and entitled to share it *pro rata* with him or his assignee, the very means provided by law for his indemnity are liable to be made the instruments of his detriment and injury.

As to the note paid to Johnson, as attorney for Speed, there is no sufficient evidence in the record to sustain the allegation that the transaction between Rudy and Johnson was a sale and transfer of the debt by the latter, instead of a payment to him, as his indorsement purports to show.

This transaction was simply a payment of the debt according to all the evidence conducing to explain it. If it was made for and at the instance of Terry or his wife, Rudy may have a right of action against one or both of them to recover for the money so paid; or if he paid it voluntarily and without request, there is no right of action for it. (*Oden vs. Elliott's ex'or*, 10 *B. Monroe*, 315.) But whatever may have been the arrangement under which it was paid, we are of the opinion that such payment discharged the holder's lien as originally reserved for the debt, and Rudy had no right of action to enforce it; nor did he acquire any lien for the money so paid which was not subordinate to that of the appellants.

We are not required upon this appeal to decide whether the judgment as between Rudy and Terry and wife is or not erroneous, as they are not antagonistic parties before this court; but, for the reasons we have indicated, it seems to us that the court erred in not adjudging that

the appellant's lien on the land was paramount to any claim of the appellees, and in not directing a sale of the land first to satisfy the appellant's debt and costs.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.