L. D. Husbands *v.* A. S. Jones et al.

**Vendor and Purchaser—Purchase Subject to Lien.**
> One who purchases land of a debtor, on which there is a prior lien, purchases subject to such lien.

APPEAL FROM McCRACKEN CIRCUIT COURT.

November 19, 1873.

ON PETITION FOR REHEARING.

Opinion by Judge Peters:

We propose to present our understanding of the authorities referred to in the petition for a rehearing, and to ascertain the analogy between the cases if there be any.

The first case is Burk et al. v. Chrisman et al., 3 B. Mon. 50. Burk purchased a tract of land and gave his bonds for the price with Chrisman and Crozier as his sureties. He afterwards sold out the land in different parcels to several persons, a distinct portion to each, left the state, and became insolvent. His sureties paid the original price of the land to his vendor, and filed their bill in chancery against Burk's vendees, claiming an equitable substitution and an enforcement of the lien reserved to the original vendor. The court decided in that case that the sureties had a right to be substituted to the lien of the vendor, and that the subpurchasers should be charged ratably for the payment of the amount due.

In Glenn v. Coleman, Ib. 133, this court decided that, although a bill be pending to enforce a mechanic's lien on a house and lot, an execution may be levied and the same sold, and a sale of the property be made by virtue thereof; still that would not defeat the lien of the mechanic, and would vest the purchaser with only such interest in the property as remained after satisfying the lien.

In Oldham v. Scrivener, Ib. 579, the court decided that upon the levy of an attachment or an execution on personal goods, the officer seizes and holds them in his custody, and they can not be levied on, seized or taken into possession by another officer. But it is different with real estate. The officer who first levies on real estate has no right to take possession, or oust the occupant of his possession, nor has he the right to deliver the possession to the purchaser under his sale. That land can not be removed or squandered, and is as subject to the control and ultimate action of the chancellor in the hands and possession of the purchaser, as in the hands and possession of the debtor. After the levy, the title still remains in the debtor, and may be sold and conveyed by him, and his sale and conveyance would not be void; the purchaser only acquires the debtor's title, and stands in his place. The property is subject, as it was before in the debtor's hands, to the prior lien, which had attached in favor of the complainants in the chancery suit.

In Dickey v. Thompson, 8 B. Mon. 312, the court decided that where lands are mortgaged to secure a debt, and are afterwards sold by the mortgagor to different purchasers, each purchaser must bear his proportion of the burden, and each must contribute

according to the value of the respective parcels; that the whole burden can not be thrown upon the last purchaser of a part of the incumbered property. But if any part of the mortgaged property remains in the hands of the mortgagor, that must be first taken to pay off the incumbrance; and when real and personal estate or slaves are embraced in the mortgage, and have been sold by the mortgagor to different purchasers, the apportionment must be made by the value of the various articles of property at the date of the foreclosure. The foregoing embraces all the principles settled in the last named case, none of which apply.

In Beall v. Barclay et al., and Sassen v. Same, 10 B. Mon. 261, the court decided, first, that where two chancery attachments are obtained, the complainant in the bill for the second attachment is a competent witness for the complainant in the first bill. Second, that the statements of a vendor as to the nature of his holding are not evidence against his vendor. Third, that a mortgagee who stands by at a sale of mortgaged property, and fails to assert it, and receives the proceeds of the sale, will be estopped thereafter to assert it. It is not so where a lien was acquired on the property by an attachment. Fourth, a purchaser of attached property, under an execution sale to satisfy the same debt, when the property is subjected to the attachment debt, should be reimbursed out of the attached property to the extent of the payment made upon the execution. Fifth, so if a purchaser of attached property from the defendant, after suit, pays the price in discharge of executions which are existing liens upon the attached property at the filing of the bill, and the property be decreed to be sold, the purchaser should be indemnified by a repayment of his money before the attaching creditor is paid; and where there are several purchasers of property of a mortgagor, each is bound to contribute proportionately to the satisfaction of the mortgage, and so of purchasers of property on which there exists a lien by attachment in chancery. Sixth, the value of the property at the date of the decree for sale, is the proper period for ascertaining the liabilities and making the apportionment. These cases are in some respects analogous to the one at bar. In some of them the liens were created by mortgages, and not by attachments in chancery; and in these the principal

questions involved were as to how the burdens of the incumbrances should be distributed amongst the purchasers subsequent to the creation of the incumbrances.

The case which bears the strongest analogy to the one at bar is Oldham v. Scrivener, 3 B. Mon. 579, supra, in which it is decided that after the levy of an attachment on real estate, the title still remains in the debtor, and may be sold and conveyed by him, but the purchaser acquires the debtor's title only, and the land as before is subject to the prior lien which had been created in favor of the plaintiff in the attaching suit. Can any one suppose that if the debtor in the case at bar had retained the property till the sale at which husband purchased, that the portion not purchased by him would not have been first subjected to the satisfaction of the lien of the vendor? And upon what principle of equity, Barnes, the purchaser, could be placed in a better condition than the debtor whose interest he purchased subject to the prior lien, can not be perceived. And the court is only surprised that a question of the sort can be made and seriously insisted on. Petition overruled.

*Williams, L. D. Husbands, for appellant.*

*Marshall, Bloomfield, for appellees.*