101   625
103 · 46
101   625
159   816

BOATMEN'S SAVINGS BANK, *Appellant,* v. GREWE.

1. **Back Taxes:** PARTIES: REDEMPTION. The holder of a note secured by deed of trust can redeem the land from a tax foreclosure sale, if not made a party to the foreclosure suit.

2. **Back-Tax Sale:** REDEMPTION : IMPROVEMENTS. A purchaser of the land at the tax sale, or one holding under him, who has made valuable improvements thereon under the belief that he acquired a good title will, on a bill against him to redeem, be allowed compensation for his improvements.

3. ——— : ——— : ——— : NOTICE. Constructive notice implied from the record of the deed of trust will not preclude such purchaser at the tax sale or his grantee from recovering for the improvements.

4. ——— : ——— : ——— : RENTS. The purchaser at the tax sale, or his grantee, on the bill against him to redeem, will not be charged with rents, it appearing that the land derived all its rental value from improvements made by him.

5. ——— : ——— : ——— : QUITCLAIM DEED. One purchasing by quitclaim deed from the purchaser at the tax sale will acquire all the rights of his grantor.

6. ——— : ——— : ——— : DECREE FOR REDEMPTION. Where two lots have been assessed and foreclosed separately, the decree for redemption should run against them separately.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Cunningham & Eliot* for appellant.

( 1 ) The good faith and belief in an absolute title, which is required in equity as a condition of the allowance for improvements made upon land of which the possessor is not the owner, is determined by the same considerations and principles which govern the question of what is an innocent purchaser for value. "In good faith" is equivalent to "without notice." *Lee v. Bowman,* 55 Mo. 400 ; *Coover v. Johnson,* 86 Mo. 533. Any

fact which should put an ordinary man on inquiry is notice. *Major v. Buckley*, 51 Mo. 227. (2) The grantee in a quitclaim deed from one charged with equities cannot be an innocent purchaser; nor are improvements placed by him on the premises erected "in good faith." *Sharp v. Cheatham*, 88 Mo. 510. He takes only such rights as his grantor had. *Ridgway v. Holliday*, 59 Mo. 444. He is not without notice of a prior fraud. *Stivers v. Horne*, 62 Mo. 473; *Oliver v. Piatt*, 3 How. (U. S.) 333, 410. Improvements are allowed only to holder of warranty deed. *Pulliman v. Robinson*, 1 T. B. Mon. 228. (3) While constructive notice imparted by the records will not impair the good faith otherwise existing in one placing improvements upon land to which he has no title, or which is subject to redemption in his hands; if the purchase is of a tax title to such land, for a consideration less than one-fifth of the value, by a quitclaim deed, it becomes such neglect not to make inquiries, as is the equivalent of actual notice of the state of the title. *Hill v. Tissier*, 15 Mo. App. 299; *Sensendoerfer v. Kemp*, 83 Mo. 581; *Mason v. Black*, 87 Mo. 329. Any circumstances from which the court may fairly infer that a suspicion existed as to the title will debar defendant from improvements. *Cole v. Johnson*, 53 Miss. 94. This case was cited with approval by Justice BLATCHFORD in *Bank v. Hudson*, 111 U. S. 66. For cases of gross neglect see *Foley v. Kirk*, 33 New Jersey Eq. 170; *Eck v. Hatcher*, 58 Mo. 235. Purchase at a sheriff's sale and for a low price. *Murphy v. Smith*, 86 Mo. 333. Inadequacy of price as a circumstance to put buyer on inquiry. *LeNeve v. LeNeve*, 2 White and Tudor L. C., part 1, p. 35. The holder of a tax title is not allowed for improvements. *Jacks v. Dyer*, 31 Ark. 334. (4) In an accounting, between a purchaser at a foreclosure sale under a first mortgage proceeding, to which a second incumbrancer has not been made a party, and such second incumbrancer (for the purposes of redemption), the purchaser

should be charged with the rents and profits of the land ; and, if the circumstances are such as to entitle the purchaser to receive compensation for the improvements made by him on the premises, the rents and profits should be calculated upon the basis of the land as improved. *Bollinger v. Chouteau*, 20 Mo. 95. Allowance for improvements goes no further than mere indemnity ; and, if the defendant has used the improvements long enough to compensate him, equity is satisfied. *Bright v. Boyd*, 1 Story Ct. Ct. 478. While the person redeeming pays for the improvements, he partially gets the benefit of them in the increased rents and profits allowed. *Bank v. Hudson*, 111 U. S. 66. Defendant is charged with rents and profits of the property, as improved. Jones on Mortgages, sec. 1129. When the defendant himself occupies the land, the value must be determined by experts. Jones on Mortgages, sec. 1122. The rule, as stated above, was adopted in the following cases : *Montgomery v. Chadwick*, 7 Iowa, 114 ; *Wetmore v. Roberts*, 10 How. Pr. 56 ; *Harper's Appeal*, 64 Pa. St. 315 ; *Dozier v. Mitchell*, 65 Ala. 511 ; *Givens v. McCalmont*, 4 Watts, 460. The rule allowing improvements does not extend to providing a good investment. *Benedict v. Gilman*, 4 Paige, 62. Preference should not be given to defendant for the value of his improvements over the interest of the plaintiff in the lands. R. S. 1889, sec. 4649 ; *Railroad v. Shortridge*, 86 Mo. 662 ; *Stump v. Hornback*, 94 Mo. 26.

*Judson & Reyburn* for respondent.

(1) The tax lien is the superior lien. *Williams v. Hudson*, 93 Mo. 524 ; *Allen v. McCabe*, 93 Mo. 138 ; *Cowell v. Gray*, 85 Mo. 169 ; *Gitchell v. Kriedler*, 84 Mo. 473 ; *Bank v. Grewe*, 84 Mo. 477 ; *Myers v. Bassett*, 84 Mo. 479 ; *Stafford v. Fizer*, 82 Mo. 393. (2) Mere inadequacy of price obtained at a sheriff's sale does not put the purchaser on inquiry. Wade on

Notice, p. 17, sec. 24; Rorer. Judicial Sales, sec. 549; 1 Blackwell, Tax Titles [5 Ed.] sec. 551; Black. Tax Titles, sec. 103; *State ex rel. v. Sergeant*, 76 Mo. 557; s. c., 12 Mo. App. 228. (3) Defendant's rights are fairly within and protected by the statute. R. S. 1889, sec. 4645. (4) Defendant is not to be charged with the rents and profits of the property. *Atkinson v. Henry*, 80 Mo, 670.

BLACK, J.—This is a suit in equity to redeem lots 17 and 18 in Belt's addition to St. Louis from a sale of the lots for payment of taxes, and for possession. The facts are these:

Manning Mayfield, by a deed of trust dated the first of. June, 1876, conveyed the lots to Henry Belt in trust to secure Mayfield's note of the same date for $292.50, due in one year and payable to George Belt and Francis Tafts. The note was duly assigned to the plaintiff within twenty days after its date. Thereafter the collector commenced suit to enforce the lien for taxes for the year 1876. The parties named in the deed of trust were made defendants, but the plaintiff, the then owner of the note, was not made a party to that suit. Judgment was rendered in the tax suit, and by virtue of a special execution issued thereon the sheriff sold the property in February, 1880, lot 17 to Hiemenz and lot 18 to Walker. The defendant purchased both lots from the last-named persons, receiving a quitclaim deed from Hiemenz in May, 1880, and a warranty deed from Walker in July, 1881. Defendant improved lot 17 in 1880 by erecting a dwelling-house and outhouses thereon at a cost of some two thousand dollars, and subsequently he made some improvements of no great value on the other lot.

Plaintiff caused both lots to be sold under the deed of trust on the first of September, 1881, and became the purchaser at that sale, and thereafter commenced this suit to redeem.

The circuit court found that defendant was entitled to $78.09 on account of the tax sales, and that he was entitled to seventeen hundred dollars, "being the present value of the permanent improvements made on said land by defendant since the sale for taxes." The decree allows the plaintiff to redeem upon the payment of $1,778.09. Should plaintiff fail to redeem within a specified time, the defendant is allowed to redeem by paying the mortgage debt and taxes paid by the plaintiff. Both parties failing to redeem the decree goes on to order a sale, and, after the payment of costs, the proceeds are to be paid out as follows: *First*, to defendant, $78.09; *second*, to plaintiff, for taxes paid by it, $19.83; *third*, to the defendant, seventeen hundred dollars; and, *fourth*, to plaintiff, the remainder.

1. The plaintiff appealed from this decree, and the first objection is, that the court erred in requiring it to pay for the improvements.

The lien for unpaid taxes was paramount to that created by the deed of trust. As the plaintiff, the holder of the debt secured by the deed of trust, was not made a party to the tax foreclosure suit, it has the right to redeem from the tax sale. *Boatmen's Savings Bank v. Grewe*, 84 Mo. 477, following prior adjudications. The defendant, therefore, occupies a position like that of one who is in possession under a defective foreclosure sale. In such cases the purchaser, who has made valuable improvements in the belief that he has acquired an absolute title, is entitled to be paid the value of the improvements, in case the premises are redeemed. 2 Jones on Mortgages [4 Ed.] sec. 1128; *Martin v. Ratcliff*, *ante*, p. 254. The same rule must be applied in the present case.

2. It is further insisted that defendant was not a purchaser in good faith. We have held, under the occupying-claimant law, that constructive notice implied by a recorded deed is not sufficient to defeat a claim for

improvements. *Stump v. Hornback*, 94 Mo. 26; s. c., 15 Mo. App. 367. But in this case the defendant and his grantors did not even have constructive notice; for while they did have constructive notice of the deed of trust there was nothing on record to show that the note had been assigned to the plaintiff. The defendant says he had no knowledge of the plaintiff's claims when he purchased and erected the house on one of the lots, and the circumstances are all to the effect that he purchased in good faith, believing he acquired a good title. It is a matter of no consequence that he acquired one of the lots by a quitclaim deed ; for he acquired all the rights of his grantor. Both purchasers at the tax sale evidently believed they had acquired the title. We entertain no doubt whatever but the defendant purchased the property and made the improvements in good faith.

3. The defendant occupied the property in its improved state up to the date of the decree rendered in this case, and the next question is whether he should have been charged with rents. There is no evidence that the lots had any rental value until improved by defendant. With the improvements, they are estimated to have a rental value of from twelve to eighteen dollars per month.

In an accounting between a mortgagor and a mortgagee in possession, the mortgagee is allowed the cost of reasonable and proper repairs, and he is charged with rents, which rents are estimated upon the property as it stands improved by the repairs. Ordinarily a simple mortgagee in possession would not be allowed for improvements such as were made in the present case. But as the defendant built upon the property in good faith, believing he had acquired a good title, he is allowed the value of the improvements. This value, not the cost, is estimated at the date of the decree. He ought not to be charged with the rents for the house, for it is in a sense his own property until he is

paid its value. *Martin v. Ratcliff, supra; Poole v. Johnson*, 62 Iowa, 611.

4. From what has been said, it will be seen the trial court treated both lots as one parcel of land, and in effect made the improvements on one lot a charge upon both. In this the court erred. Each lot was assessed with its own tax. The tax judgment directed a sale of each lot for the amount due thereon, and each lot was sold to pay the taxes thereon, and no part of the proceeds arising from the sale of one lot could have been applied in discharge of the judgment against the other lot. In short the tax liens were separate and distinct liens, and hence the plaintiff had a right to redeem in parcels. Where two parcels of land have been improperly assessed and sold as one tract, one parcel may be redeemed without redeeming the other. *Dietrick v. Mason*, 57 Pa. St. 40; *Penn v. Clemans*, 19 Iowa, 372. For a much stronger reason may the property be redeemed by parcels where it has been assessed and sold in parcels. It also follows that the improvements made upon one lot cannot be made a charge upon the other one. For the error just noted the judgment is reversed and the cause remanded. All concur.