## Martin et al. v. Eversole.

(Decided June 15, 1934.)

H. C. CLAY and C. R. LUKER for appellants.
GEORGE G. BROCK for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal seeking reversal of a judgment of the Laurel circuit court in favor of the appellee, Abner Eversole, for $496.75, with interest and costs, and with a lien upon 10 acres of land and 23 lots, rendered in a proceeding under a tax sale for the possession of said land and lots.

On February 3, 1933, the appellee, Abner Eversole, hereinafter referred to as plaintiff, instituted his suit in equity against the appellant Frank Martin and numerous other persons named in the caption, and by amended petition added yet other therein named parties as defendants, many of whom are appellants in this case.

By his petition plaintiff alleges that he was at the institution of the suit the owner and entitled to the possession of a certain boundary of land containing 120 acres and 23 lots as therein described respectively by metes and bounds and by their several numbers, with references to the deed books and pages where full description of them might be found. It further alleged that the defendants were wrongfully setting up claims to this property and keeping plaintiff out of possession thereof to plaintiff's damage in the sum of $500. Wherefore judgment was prayed against the defendants for recovery of the land and for damages as stated.

By separate answers and various amendments thereto, the defendants denied plaintiff's ownership of the lands and lots described or that he was entitled to the possession thereof, and, further, each of them set out by particular description the separate lots or parcels of land claimed by them, where same were embraced within the lands claimed purchased by plaintiff. Further, they alleged plaintiff's only claim of lien or title to any of these lands arose out of his having paid certain stated taxes owing by C. J. Sipple thereon for the year 1927 as former owner, and that, notwithstanding the said named Sipples had, prior to that time, paid their taxes for that year, the sheriff had attempted to sell the land and lots for said taxes to the appellee, and further alleged various other grounds upon which they claimed the tax sale was void.

Plaintiff filed reply traversing these answers, which completed the issues in the case. Upon the calling of the case for trial, it was agreed that the court reporter take the evidence in open court and that same be transcribed and filed by her as depositions of the parties

The court adjudged in this proceeding under the tax sale by the plaintiff, Eversole, for the possession of the tract of land of 120 acres and 23 lots sold by the sheriff for the taxes of C. J. Sipple and purchased by the plaintiff, Eversole, on February 13, 1928, for the

sum of $653.63 that there had been paid to plaintiff on his claim by the National Bank of London and another party, having separate interests in certain lots, which were set out in the sheriff's deed to plaintiff, as settlement with him, before trial, for his interest in the lots the sum of $85.21 as their proportionate parts of his taxes owing by them, and the case was dismissed as to them. Further, the court adjudged that plaintiff was not entitled to the possession of the said land and lots, but was entitled to a lien against same, but was not entitled to $212.75, included in his claim for $653.63, because it was the tax of Martha Sipple, wife of C. J. Sipple, and reduced plaintiff's claim to $440.88 with interest and penalties, for the payment of which he was entitled to a paramount lien against all the lands and lots set out in plaintiff's deed and petition, subject to the credit of the $85.21 paid him as stated, and adjudged that plaintiff recover of the defendants the sum of $496.75, with interest and costs, and that said land or so much of said land and lots as necessary be sold by the master commissioner to satisfy said debt.

From this judgment the defendants have appealed, wherein by counsel they challenge the sufficiency of the petition, the sufficiency of the answer, the validity of the tax deed under which plaintiff claims title, the sufficiency of the evidence to support the judgment, and contend that the joint judgment given against them and their several properties in solido is erroneous because, they insist, that, where defendants hold lands in severalty, there can be no recovery against them jointly. Also by second brief of counsel for other of the appellants it is argued for reversal of the judgment: (1) That the sheriff's sale is void and appellee acquired no lien by reason thereof; (2) that by the court's judgment the appellants were required to pay taxes in part owing on land owned by Abner Eversole, the appellee; and (3) that the court erroneously failed to pro rata the taxes among the appellants.

Voluminous pleadings, proof, and lengthy but helpful briefs were filed by the parties herein, setting out the many grounds upon which the judgment of the learned trial court is alleged to be erroneous in awarding the relief it gave to the appellee, Abner Eversole, as purchaser of the lands and lots in question for the taxes owing by J. C. Sipple, as owner thereof in 1926,

and assessed thereon for the year 1927, and also contending that some among the defendants against whose lots, as embraced 'within the lands described in the sheriff's deed to plaintiff, recovery was adjudged, claimed to have bought from the said Sipple separate tracts or lots of this land in the year 1925 or the early part of 1926, and to have since then themselves listed and paid the taxes upon their said properties; that, as urged by some of the appellants, their lands, separately owned, but adjudged subject to Eversole's tax lien, are not embraced within the lands or lots owned by Sipple, upon which the said taxes were levied and for which they were sold plaintiff as being included in the land described in the petition and sheriff's deed made plaintiff; and, further, that the said plaintiff, Eversole, has himself become the owner of a large part of these lands formerly owned by Sipple, which are subject to a pro rata part of the tax—for the payment of which he is adjudged a recovery against any and all the lands, including their separately held tracts, described in the petition.

We do not deem it necessary to here extend this opinion by a discussion and disposition of these several assignments of error insistently urged in briefs, in view of the conclusion we have reached that the judgment must be reversed in part because of its error in adjudging a recovery against the defendants and against any and all of the lands of the defendants for the total amount of the tax owing upon all the lands and lots sold to the appellee for repayment to him of the $496.75 taxes and interest against the C. J. Sipple land and lots paid by him. We are of the opinion that the judgment should have equitably directed a sale of each lot or separately owned parcel of land only for its pro rata part of the tax debt paid by Eversole or as the value of such separate lot or parcel of land bore to the total value of all the lands and lots sold and described in the sheriff's deed to Eversole for C. J. Sipple's 1927 taxes owing thereon.

What we consider the applicable equitable principle here to be invoked, as controlling of these questions here presented, is thus stated in 61 C. J. 1249:

"Where several distinct tracts or parcels of land are irregularly sold in gross, the owner of a single parcel may redeem by payment of taxes and charges

due thereon, and lots separately assessed and sold may be separately redeemed.''

In support of this text is cited Penn v. Clemans, 19 Iowa, 372; Byington v. Woods, 13 Iowa, 17; Swalm v. Sauls, 106 So. 775, 141 Miss. 515; Boatmen's Sav. Bank v. Grewe, 14 S. W. 708, 101 Mo. 625. Also see Dillaye v. Wilson, 43 Barb. (N. Y.) 261.

Where lands are owned and occupied in severalty or held as separate tracts, which have been so acquired from a former owner as separate parts of a larger tract, and are later sold for unpaid taxes owing thereon, the separate tracts, as parts thereof, are subject to their pro rata part of the tax. There should be no recovery jointly adjudged against such several owners, or in solido against all their separately owned tracts, as in the aggregate constituting the one property sold for the tax owing thereon but only for their several pro rata parts of the tax which the value of their separate lots or parcels of the larger tract bears to the value of the whole tract upon which the tax was assessed.

This equitable principle is forcefully stated in the case of Poston v. Eubank, 26 Ky. (3 J. J. Marsh.) 42, in an opinion delivered for the court by Judge Robertson, as follows:

"As a general proposition, it is well settled, that an equitable lien, on an estate, held by several, should be enforced, distributively, against each, according to his interest in the estate. At law, a motion would not be tolerated, to coerce contribution by several defendants. Each being legally responsible for the whole judgment, the creditor cannot be controlled, nor circumscribed in his discretion, to coerce the entire amount, from all, or any, of the defendants, as he may deem most just or expedient.

"But it is not so in equity. The chancellor delights in equal and distributive justice. It is his province to prevent unnecessary litigation. Hence, all who may be concerned, directly or indirectly, in the subject matter of a suit in chancery, or who may be immediately or eventually, affected by a decree, are generally required to be made parties, so that, at once, without unnecessary delay or expense, or multiplication of suits, justice may be administered, by rendering, among all who may be interested, such a decree as will secure to each, his

full measure of right, and impose on each, his proper degree of liability.

"Thus, if a mortgagor convey the mortgaged estate to several, they should all be made parties to a bill for foreclosure, and compelled, individually, to contribute to the extinguishment of the debt of the mortgagee, in proportion to the value of the interest, which each holds in the estate; and if the mortgagor retain a part of the estate, that part should be subjected first. Stevens v. Cooper, 1 Johns, Ch. [N. Y.] 430 [7 Am. Dec. 499]; Morrison's Administrators et al. v. Beckwith, 4 T. B. Mon. 76 [16 Am. Dec. 136]."

Again in Dickey v. Thompson, 8 B. Mon. 312, the court quoted with approval the language employed by the court in the case of Morrison's Adm'rs v. Beckwith, 4 T. B. Mon. 76, 16 Am. Dec. 136:

"It is a well known principle, that a mortgage binds every part of the land it covers, and each spot is subject to its operation, and where it is made to bear on purchasers of different parcels from the mortgagor, they are bound to contribute only in proportion to the value of the share that each holds," and further approved the like holding in the case of Burk et al. v. Chrisman et al., 3 B. Mon. 50, wherein it was decided that "each claimant of a portion purchased, took it cum onere, and was, therefore, subject to contribution according to the value of his parcel." The same principle of equity in the distribution of the burden is thus set forth in the case of Stevens v. Cooper, 1 Johns. Ch. (N. Y.) 430, 7 Am. Dec. 499:

"It is a doctrine well established, that when land is charged with a burden, the charge ought to be equal, and one part ought not to bear more than its due proportion; and equity will preserve this equality by compelling the owner of each part to a just contribution,"

and it is further settled in the Dickey Case "that the rule of contribution between the parties as purchasers of different lots, must be the actual relative value of the different lots."

In view of the analogous principle of these equitable cases, as is also the case at bar, we are satisfied that their principle and rule of just distribution among

the owners of separate parcels of a larger tract of land, subject to a debt incumbrance, whether it be a lien for purchase money or a mortgage or a tax lien, that the burden for the payment of the whole debt should not be thrown upon all or any of the defendants as a creditor may deem most expedient and as was herein adjudged, but should have been distributed ratably among all according to the value of the property held by each as a part of the lands and lots incumbered by the tax lien in question. However, we are of the opinion that, in view of the following provision of section 4036, Kentucky Statutes:

"Whenever any person shall purchase property sold for delinquent taxes, and the sale shall be set aside because of any irregularity, the purchaser shall have a lien on the property for the amount of taxes and cost paid by him, and for which the property is liable, with legal interest from the time of such payment, which may be recovered from the owner of the property or person owing the same,"

the learned chancellor rightly adjudged that, even though the tax deed, under which plaintiff claimed, was invalid, the plaintiff was yet entitled to be adjudged a paramount lien against the lands for the amount of the taxes and costs paid by him, and to such extent the learned chancellor's judgment is affirmed, but it is reversed to the extent it fails to adjudge a pro rata recovery by plaintiff against such of the defendants as owned lands or lots embraced within the lands and lots adjudged sold appellee for the 1927 taxes owing thereon, the same to be apportioned among such separate owners according to the relative value of their separate parcels with the value of the whole property upon which recovery of taxes paid was adjudged.

The cause is therefore remanded, with the directions that the parties be permitted to further amend their pleadings and introduce such further evidence as required to support the issues joined, that the judgment be modified as hereinabove indicated so as to provide for the pro rata enforcement of the tax liens against the defendants' severally owned separate tracts, adjudged subject to the plaintiff's tax lien against the land and lots, and that judgment be entered, upon the pleadings and proof, in conformity with our views as herein expressed.